IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOEL VINCENT SMITH,

        Petitioner,

v.                                                                    Civil Action No. 3:06CV7
                                                                      Criminal Action No. 3:04CR27-04
UNITED STATES OF AMERICA,                      (DISTRICT JUDGE)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On January 18, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its

response April 24, 2006.

### II. FACTS

A.     **Conviction and Sentence**

On August 26, 2004, Petitioner signed a plea agreement by which he agreed to plead

guilty to Count Nine in violation of Title 21, United States Code, Section 841 (a)(1). In the plea

agreement, the parties stipulated and agreed to the total drug relevant conduct of 704.068 grams

of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and

to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the

following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On September 1, 2004, the petitioner entered his plea in open court. Petitioner was 31 years old and completed through 10th grade of high school and later completed his GED. (Plea transcript p. 4) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 14) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id.) The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id.) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 20-22) During the plea hearing, the Government presented the testimony of Kevin Miller, of the Martinsburg Police Department and Eastern Panhandle Drug and Violent Crimes Task Force, to establish a factual basis for the plea. (Id. at 23-25) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Nine of the indictment. The petitioner further stated under oath

that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 25) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 26) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of crime were established beyond a reasonable doubt. (Id. at 26-27) The petitioner did not object to the Court's finding.

On December 6, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 188 months imprisonment.

### B.      Appeal

Petitioner did not pursue a direct appeal.

### C.      Federal Habeas Corpus

On January 18, 2006, petitioner initiated this case under § 2255. In the petition, and the brief in support, petitioner asserts the following grounds for relief:

(1) there was a procedural default because of a change of law making the Sentencing Guidelines advisory;

(2) the Court used uncharged conduct to increase his sentence;

(3) and, that his counsel was ineffective by having petitioner waive his appellate and collateral rights.

In its response to the motion, the Government asserts that petitioner's § 2255 motion should be denied because:

(1) the change in law under <u>Booker</u> does not apply to the instant case because petitioner's case was not on direct appeal at the time <u>Booker</u> was decided;

(2) petitioner has not met the standard articulated in <u>United States v. White</u>, 405 F.3d 208, 224 (4th Cir. 2005) that requires petitioner "to demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed;"

(3) petitioner agreed and stipulated to 704.068 grams of cocaine base in his plea agreement;

(4) petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence as required in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-691 (1984).

## D.     <u>Recommendation</u>

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

## III. <u>ANALYSIS</u>

### A.     <u>Waiver</u>

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." <u>Id.</u> "To

this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. At 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw

no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the

Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4ᵗʰ Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4ᵗʰ Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of §

> 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

## B.    Booker and Blakely

To the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) such is waived. See United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Even if it weren't waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See, Varela v. United States, 400F.3d 864 (11th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United

<u>States</u>, 404 F.3d 139 (2d Cir. 2005). Because the petitioner's conviction became final prior to the issuance of the <u>Booker</u> decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have <u>Booker</u> applied retroactively to his sentence.

## IV.  <u>Recommendation</u>

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge assigned to the case. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 26, 2007

        _____/s/ James E. Seibert_____
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE